IN THE MATTER OF THE SWORN APPLICATION OF JULIA TIENE AND OTHER FREEHOLDERS OF THE CITY OF JERSEY CITY IN THE COUNTY OF HUDSON FOR A SUMMARY INVESTIGATION INTO THE MUNIC-IPAL EXPENDITURES OF THAT CITY.

Superior Court of New Jersey
Appellate Division

Argued April 8, 1957—Decided April 22, 1957.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. Leon W. Kapp* argued the cause for the Estate of Fredrick J. Waltzinger, deceased.

*Mr. Mortimer Neuman* argued the cause for the City of Jersey City (*Mr. James A. Tumulty, Jr.,* attorney).

The opinion of the court was delivered

PER CURIAM. The subject matter of the present appeal is an incident of the summary investigation into the affairs of the City of Jersey City inaugurated and conducted pursuant to *N. J. S. A.* 40:6–1. See, *Tiene v. Jersey City,* 13 *N. J.* 478 (1953).

One Fredrick J. Waltzinger, now deceased, was on May 11, 1953 appointed by Judge Proctor, the assignment judge of the Superior Court for Hudson County, to serve

in the capacity of counsel to the expert in the prosecution of the investigation. He engaged in that mission until his resignation was accepted on October 23, 1953.

The statute confers upon the Superior Court judge the power and authority to fix the costs of the inquiry, including the allowances to the expert and his legal assistants. *In re Wellhofer*, 18 *N. J. Super.* 197, 203 (*App. Div.* 1952), affirmed 10 *N. J.* 321 (1952); *In re Application of Tiene*, 33 *N. J. Super.* 429 (*App. Div.* 1954).

Mr. Waltzinger requested the allowance to him of a compensatory fee for his services in the sum of $15,000 and a reimbursement of his expenditures in the amount of $1,269.16. The Superior Court judge granted to him a counsel fee of $10,500 and $4 for his disbursements. The allowances are impugned by the present appeal as patently unfair and unreasonable.

We may pause here to remark that the allowances to the decedent do appear to be somewhat odd in contrast with the fees granted to others for the performance of comparable services. But the statutory investigatory proceedings are *quasi*-judicial in nature and many functions of the judge, such as the allowance of compensation to counsel participating in the prosecution of the inquiry, are inherently discretionary. *N. J. S. A.* 40:6-2.

Assuredly the admeasurement of the *quantum* of a fee deemed to have been earned by counsel is a function of a discretionary nature. *Cf. Grunstra v. New-Ark Petroleum Corp.*, 111 *N. J. Eq.* 451 (*E. & A.* 1932); *Dickerson v. Camden Trust Co.*, 1 *N. J.* 459, 468 (1949); *In re Caruso's Will*, 18 *N. J.* 26 (1955); *In re Broad Street National Bank of Trenton*, 37 *N. J. Super.* 171 (*App. Div.* 1955). Many of the factors to be considered are enumerated in the decision entitled *In re Bloomer's Estate*, 37 *N. J. Super.* 85, 94 (*App. Div.* 1955). The elements comprehended by the terms "judicial discretion" and "abuse of discretion" were recently discussed in *Smith v. Smith*, 17 *N. J. Super.* 128 (*App. Div.* 1951), certification denied 9 *N. J.* 178 (1952).

██ Where, as in the present instance, the judge who calculated the amount of the fee and disbursements had the superior opportunity of a personal acquaintance with the significant characteristics and particulars of the proceeding in which the services were rendered, it is not our appellate practice to nullify his action unless it is plainly erroneous and manifestly a misuse of discretion. Perhaps it is unfortunate that we do not have from the judge any explanatory memorandum.

We cannot, however, resolve that there was an arbitrary misuse of discretionary authority by the supervising judge merely because we may believe that a larger allowance might also have been within the boundaries of reasonable justification.

The allowances under review are affirmed.